IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 17-03104-01-CR-S-BP |
| MARK J. ALTSCHULER, | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

Before the Court is Defendant's Motion for Leave to File Out of Time. (Doc. 53.) In accordance with Local Rule 72.1, this action was referred to the undersigned to prepare a report on all pretrial motions. As follows, it is **RECOMMENDED** that the motion for leave be **DENIED**.

**I. Background**

On October 3, 2019, Defendant filed a Motion to Suppress.[1] (Doc. 52.) On the same date, Defendant filed the motion for leave at issue, seeking leave to file the aforementioned motion to suppress out of time. In the motion for leave, defense counsel Dee Wampler states that Defendant had previously "expressed his desire to enter a plea of guilty, [] but on [] September 27, 2019 counsel received a telephone message from Defendant stating that he was not pleading guilty and, in fact, wanted a jury trial." (Doc. 53.) On October 7, 2019, the undersigned conducted a hearing on the motion for leave. (Doc. 56.) The Government appeared by Assistant United States Attorney Jody Stockard, and Defendant appeared in person with Mr. Wampler. *Id.*

---

[1] The motion to suppress was untimely and was filed without leave to do so. Accordingly, it has since been denied without prejudice. (Doc. 58.)

## II. Findings

Defendant has been charged by a one-count Indictment with possession with intent to distribute at least 100 kilograms of a mixture or substance containing a detectable amount of marihuana, arising from a vehicle stop that occurred on February 26, 2017. (Doc. 1.) On November 14, 2017, Defendant made his initial appearance with Mr. Wampler and was arraigned. On the same date, the undersigned issued a Scheduling and Trial Order which set a clear and unambiguous deadline of December 4, 2017 for any relevant pretrial motions, including motions to suppress. (Doc. 7.)

Since his arraignment, Defendant has moved for and been granted six continuances of the trial of this action, which was originally set to commence on January 8, 2018. Defendant's first motion for continuance, filed on December 5, 2017, stated that additional time was needed for Mr. Wampler to review discovery he had just received. (Doc. 13.) The motion was granted, and the trial was continued to May 7, 2018. Defendant's second continuance, to August 20, 2018, was necessitated by Mr. Wampler's health issues. (Docs. 18, 19.) Defendant sought and received a third continuance, to May 6, 2019, due to his own health issues. (Docs. 22, 26.) Defendant's fourth continuance, to July 15, 2019, was again based on his health issues, as well as to set a change of plea hearing. (Docs. 30, 31.) On June 25, 2019, a pretrial conference was held, and on July 1, 2019, the Government filed its proposed witness and exhibit lists. The next day, Defendant moved for a fifth continuance, again for health reasons and also to allow time for completion of the Court-ordered PSI he had requested. (Doc. 39.) The trial was continued to September 23, 2019, and the undersigned advised Defendant for the third time that, absent extraordinary circumstances, no further continuances would be granted. (Doc. 40.) On August 26, 2019, the aforementioned pre-plea PSI was filed. (Doc. 42.) On August 29, 2019, the

District Court scheduled a change of plea hearing in Kansas City on October 9, 2019. Defendant then moved for and was granted a sixth continuance of the trial beyond the plea hearing, to October 28, 2019. On September 19, 2019, Defendant sought and received a continuance of the plea hearing due to conflicts in Mr. Wampler's schedule. Finally, on October 3, 2019, Defendant filed the motion for leave at issue, which the undersigned promptly set for hearing.

In the proposed motion to suppress, Defendant claims that on February 26, 2017, he was driving a Ford F150 on Interstate 44 in Greene County, Missouri, when he was stopped by a Missouri State Highway Patrolman and ticketed for speeding, misdemeanor marijuana possession, and drug paraphernalia. He alleges the patrolman then questioned him "without benefit of *Miranda*" and demanded he open the truck's locked bed cover. Defendant argues that he was entitled to *Miranda* warnings because he was arrested. He also posits that no exceptions existed for the warrantless search of his covered truck bed, which he describes as a "locked container," because he was handcuffed and seated in the back of the police car. Defendant seeks suppression of "any statements," any "alleged consent to search his truck," and "suppression herein of the 'locked container' of the Ford F150 pick-up truck."

At the hearing, Mr. Wampler acknowledged that he had received all discovery relevant to the proposed motion to suppress from the Government by January of 2018 at the latest.[2] (Doc. 57 at 4, 15.) In regards to why he did not file the motion to suppress by the December 4, 2017 deadline, or by January of 2018 at the latest, Mr. Wampler stated he "did not believe that a motion to suppress on behalf of my client was in his best interest, due to various conversations that I've had with him about disposing of the case by a plea of guilty." *Id*. at 7. He added that "as a matter of trial strategy, [I] didn't see the need to file it at that time, and I've only filed it

---

[2] At the hearing, Ms. Stockard stated the Government has not yet produced lab reports regarding the alleged marihuana. (Doc. 15 at 16.) However, any such reports would not be relevant to the proposed motion to suppress

3

now just to protect my client's constitutional rights." *Id*. at 8. Furthermore, Mr. Wampler stated "I had serious reservations about filing the motion at the appropriate time. I didn't feel like it had a great chance of success." *Id*. at 9.

### III. Conclusions

Motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." FED. R. CRIM. P. 12(b)(3)(C). The court may set a deadline for pretrial motions. FED. R. CRIM. P. 12(c). However, the court may still consider an untimely pretrial motion "if the party shows good cause." FED. R. CRIM. P. 12(c)(3); see also *United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018). Good cause requires a showing of "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018). Good cause is a "flexible standard that requires consideration of all interests in the particular case." FED. R. CRIM. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011). Notably, "[t]he desire to suppress incriminating evidence [is] not by [itself] sufficient to establish good cause." *Id.* at 698. Furthermore, a court may deny a pretrial motion in limine as untimely "on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress." *Id.* at 697.

First, it is the undersigned's opinion that Defendant has failed to show cause to consider his untimely motion to suppress. The motion for leave was filed 22 months after the deadline to file pretrial motions and only 25 days before the trial is set to commence. The challenge Defendant seeks to raise is neither complex nor novel, and all of the facts alleged in the proposed motion to suppress were within his direct knowledge at the time of his arraignment.

4

Furthermore, the Government had provided all relevant discovery to Defendant by January of 2018 at the latest. Accordingly, the basis for Defendant's proposed motion to suppress was reasonably available to him by the December 4, 2017 deadline, or by January of 2018 at the latest.

Despite this, Defendant did not move for suppression of evidence until over 20 months later. The only reason given for this delay is that Defendant has decided he no longer wants to enter a plea of guilty, and instead wants a trial, to which he is certainly entitled. However, "[t]he desire to suppress incriminating evidence [is] not by [itself] sufficient to establish good cause." *Trancheff*, 633 F.3d at 698; *see also United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006) (affirming trial court's denial of motion to extend deadline to file motion to suppress, filed three months after the deadline set by the court, nearly two months after newly-retained counsel had entered the case, and only three weeks before the trial was set to commence.) Here, Defendant chose to not move to suppress evidence for nearly two years, and now has simply changed his mind, which is an insufficient reason. Therefore, Defendant has not shown cause for his untimeliness.

Further, Defendant has failed to show prejudice. Mr. Wampler stated that it was a strategic decision by him to not file the proposed motion to suppress in a timely manner. He further explained that he believed it was in Defendant's best interest to pursue a plea agreement rather than move for suppression, and that he had "serious reservations" about the proposed motion to suppress because he "didn't feel like it had a great chance of success." Based on these assertions, it appears that Mr. Wampler did not seek suppression at the appropriate time because the suppression issues were of questionable merit. Thus, he advised Defendant to pursue a plea agreement and declined to file the proposed motion to suppress. Considering this, the

5

undersigned cannot find that Defendant has shown he would be prejudiced by denying leave to file the proposed motion to suppress out of time.

In summary, Defendant has failed to show good cause to grant leave to file the proposed motion to suppress out of time.  First, the basis for the proposed motion to suppress was reasonably available by the deadline to file pretrial motions, and Defendant has failed to show cause for his failure to move for suppression in a timely manner.  Further, Defendant has failed to show prejudice, as it appears that he declined to move for suppression because his counsel believed such a motion would not be successful and would be poor trial strategy.

IV. Recommendation

Based on the foregoing, the undersigned concludes that Defendant has not shown good cause for his failure to timely raise this suppression issue.  Furthermore, the motion for leave was filed at least 20 months after the basis for the proposed motion to suppress was reasonably available, and essentially on the eve of trial.  Defendant now asserts he wants a trial, as is his right, and said trial should not be delayed any further.  Therefore, it is **RECOMMENDED** that Defendant's Motion for Leave to File Out of Time be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 15, 2019